Filed 6/25/14  P. v. Duenas CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSE HILARIO DUENAS,<br><br>Defendant and Appellant. | B253402<br><br>(Los Angeles County<br>Super. Ct. No. KA101103) |

THE COURT:[*]

Appellant Jose Hilario Duenas (Duenas) appeals from the judgment of conviction following a plea of no contest.

On February 23, 2013, Pomona Police Officer Bert Sanchez was driving a marked patrol car.  While at a traffic light, he was flagged down by a man,[1] who told the officer that there was a man with a gun standing outside the Fox Theater.  The man pointed in the direction of a crowd of people and said that the man with the gun was wearing a green shirt.  Duenas was the only person wearing a green shirt.

---

[*]    BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

[1]    The man would not provide his name.  He did, however, remain at the scene through Duenas's arrest.

Duenas and Officer Sanchez appeared to lock eyes. Duenas then zigzagged through the crowd and into the bar at a rapid pace. Officer Sanchez followed Duenas into the bar. Inside the bar, Officer Sanchez tackled Duenas from behind, which caused the gun to fall out from Duenas's waistband.[2]

An information charged Duenas with possession of a firearm by a felon in violation of Penal Code section 29800, subdivision (a)(1). It was further alleged that Duenas suffered a prior conviction for a serious or violent felony, within the meaning of Penal Code sections 667, subdivisions (b) through (i), and 1170.12, subdivisions (a) through (d), in 2005.

Defense counsel filed a motion to suppress the fruits of the warrantless seizure of Duenas. Specifically, he argued that the police did not sufficiently corroborate the anonymous tip that Duenas had a gun before tackling him and dislodging the firearm that Duenas had in his waistband. The trial court denied the motion. In so doing, it found that the aggressive tackle constituted more than a mere detention. It then found that there was probable cause to arrest Duenas at the time of the tackle.

Duenas waived his constitutional rights, pled no contest, and admitted the strike allegation in return for an agreed upon maximum sentence of four years. Defense counsel filed a *Romero*[3] motion, asking the trial court to dismiss the strike allegation; that motion was denied. Duenas was sentenced, awarded presentence credits, and ordered to pay various fees and fines.

On December 17, 2013, Duenas filed a notice of appeal from the judgment and trial court's denial of his motion to suppress.

Counsel was appointed to represent Duenas in connection with this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues

---

[2]     Officer Sanchez admitted that he did not see the gun before tackling Duenas.

[3]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

2

were raised.**4** On March 3, 2014, and April 11, 2014, we advised Duenas that he had 30 days within which to personally submit any contentions or issues for us to consider. No response has been received to date.

We have examined the entire record and are satisfied that Duenas's appellate counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) We see no indication that the trial court erred in denying Duenas's motion to suppress. Accordingly, we conclude that Duenas has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

---

**4**    In a footnote, counsel indicated that he disagrees with the trial court's conclusion that there was probable cause to arrest. But counsel offers no legal argument in support of this one sentence assertion.